**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Alan N. Ariav, ) | No. CV03-0464-PHX-MHM |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Mesch, Clark & Rothschild, P.C., ) | |
| Defendant. ) | |

Currently, before the Court are Defendant's Motion to Dismiss Case for Lack of Subject Matter Jurisdiction, (Dkt. #42), and Defendant's Motion to Strike. (Dkt. #93).

**I.    Factual and Procedural Background**

Plaintiff Alan Ariav is an attorney who was a shareholder at the law firm of Mesch, Clark & Rothschild, P.C., until April 28, 2003, when he was terminated with pay and benefits through May 31, 2003. In this lawsuit, Plaintiff alleges that the termination and other related conduct by Defendant Mesch, Clark & Rothschild, P.C., violated his rights under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*.

On September 12, 2003, Defendant Mesch, Clark & Rothschild, P.C., moved to dismiss the lawsuit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the Family and Medical Leave Act ("FMLA") does not apply to the law firm, because the law firm employed fewer than 50 employees during the time periods at issue.

By its Order filed July 15, 2004, this Court converted the motion to dismiss into a motion for summary judgment and granted Plaintiff a Rule 56(f) continuance to allow Plaintiff to obtain discovery on the limited issue of whether Defendant employed 50 persons for the requisite time between January 1, 2002, and April 28, 2003. On September 20, 2004, the Court concluded Plaintiff had presented sufficient evidence to prevent judgment as a matter of law on the threshold issue of whether Defendant employed 50 employees for 20 weeks or more during the relevant time period.

On October 6, 2004, Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, arguing Plaintiff must establish the jurisdictional threshold of 50 employees for the Court to have subject matter jurisdiction over his claims. On February 8, 2005, an evidentiary hearing was held regarding the issue of whether Defendant employed 50 employees for 20 weeks or more during the relevant time period. Prior to the evidentiary hearing, the Court determined the issue of covered employee or covered employer under the FMLA presents a mixed issue of merits and jurisdiction and should be determined under Rule 56 standards. At the conclusion of the February 8, 2005 hearing, the Court took under advisement Defendant's Motion to Dismiss.

**II.    Discussion**

On August 4, 2005, Plaintiff filed supplemental authority, indicating the United States Supreme Court had granted certiorari in Arbaugh v. Y & H Corp. to determine whether statutory employee thresholds are jurisdictional or merely relate to the merits of the employees' claims, to which Defendant responded. The Court has reviewed the Amicus Brief filed by the United States and finds its reasoning, employee thresholds merely relate to the merits of the employees' claims, persuasive. See, Bell v. Hood, 327 U.S. 678, 682-683 (1946) (concluding "where the complaint, as here, is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court . . . must entertain the suit" unless the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.")

On September 20, 2004, the Court concluded Plaintiff had presented sufficient evidence to prevent judgment as a matter of law on the threshold issue of whether Defendant employed 50 employees for 20 weeks or more during the relevant time period.  Given the persuasive analysis of the Government's Amicus Brief in <u>Arbaugh</u>, the Court will stand on its September 20, 2004 Order and deny without prejudice the pending motions.  Motions related to the issue of whether Defendant employed 50 employees for 20 weeks or more during the relevant time period may be reurged, as appropriate, at the close of full discovery and/or upon direction from the Supreme Court in <u>Arbaugh v. Y & H Corp.</u>.  <u>See</u> <u>Neiberger v. Hawkins</u>,150 F. Supp.2d 1118 (D. Colo. 2001) (holding in abeyance portion of the defendant's motion, which sought dismissal of Plaintiffs' ADEA claim, pending issuance of a ruling from the United States Supreme Court regarding whether the Act validly abrogated states' Eleventh Amendment immunity from suit by private individuals).

In addition, the Court's rationale in denying Plaintiff's motion to Define the Applicable Statutory Time Period was primarily based on the proximity the issue was raised to the evidentiary hearing.  As timeliness issues no longer necessitate the Court refraining from looking to the merits of Plaintiff's argument, the Court concludes the relevant time period is the current year in which the alleged violation may have occurred.  <u>See</u> <u>Rogers v. Sugar Tree Prods.</u>, 7 F.3d 577, 580 (7th Cir.1993) (rejecting parties' erroneous stipulation to the relevant time period as subverting jurisdictional provisions and concluding that under the ADEA "[t]he current year is the year in which the alleged violation occurred, and the applicable period does not cease on the date of the violation, but rather continues until the end of the calendar year.")  Should the issue of whether Defendant employed 50 employees for 20 weeks or more during the relevant time period be reurged, the Court holds the relevant time period is January 1, 2002 to December 31, 2003.  <u>See, e.g.</u>, <u>Komorowski v. Townline Mini Mart and Restaurant</u>, 162 F.3d 962, 965 (7th Cir.1998) (concluding under substantially similar language in Title VII, "current calendar year" means the entire calendar year in which the alleged discrimination occurred).

**Accordingly,**

**IT IS HEREBY ORDERED** Defendant's Motion to Dismiss Case for Lack of Subject Matter Jurisdiction is DENIED WITHOUT PREJUDICE. (Dkt. #42).

**IT IS FURTHER ORDERED** Defendant's Motion to Strike is DENIED WITHOUT PREJUDICE. (Dkt. #93).

**IT IS FURTHER ORDERED** that a Rule 16 Scheduling Conference is scheduled for **October 27, 2005 at 4:00 p.m.** The parties shall submit a revised scheduling order on or before October 20, 2005. The revised scheduling order shall provide for the close of discovery no later than March 1, 2005 and dispositive motions due no later than March 31, 2005. The parties should take notice, extensions of time will not be granted absent compelling good cause.

DATED this 29th day of September, 2005.

_____
Mary H. Murgula
United States District Judge