1 **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9  Alan N. Ariav,                    )    No. CV03-464-TUC-MHM
                                     )
10           Plaintiff,              )    **ORDER**
                                     )
11  vs.                              )
                                     )
12                                   )
    Mesch, Clark & Rothschild, P.C.,, )
13                                   )
             Defendant.              )
14                                   )
   _____ )

15

16        Currently before this Court is Defendant's Motion to Stay this Matter Pending the

17  Resolution of an Interlocutory Appeal (Dkt. #133).  Having reviewed the pleadings, the

    Court issues this Order.
18
          On September 29, 2005, the Court denied Defendant's motion to dismiss for lack of
19
    subject matter jurisdiction, and ordered the parties submit a case management plan and
20
    proposed Rule 16 scheduling orders.  On October 27, 2005, a Scheduling Conference was
21
    held pursuant to Rule 16(b) of the Federal Rules of Civil Procedure.  During the conference,
22
    the parties articulated their opposing positions regarding whether a stay of this litigation is
23
    appropriate and counsel have also provided the Court supplemental briefing.   Dkt. ##133,
24
    135.
25
          On October 4, 2005, Defendant filed a notice of its appeal of the Court's 9/29/05
26
    Order to the Ninth Circuit. Defendant's timely filed notice of appeal divests this Court of
27
    jurisdiction over the issue of its subject matter jurisdiction.  Griggs v. Provident Consumer
28

1    Discount Company, 459 U.S. 56 (1982); City of Los Angeles, Harbor Division v. Santa

2    Monica Baykeeper, 254 F.3d 882 (9th Cir. 2001).  Plaintiff argues "the improvident taking

3    of an appeal cannot effectively destroy the authority of the court below to proceed upon

4    motions properly before it."  Ruby v. Sect, of U.S. Navy, 265 F.2d 385, 388 (9th Cir.  1966).

5    Plaintiff argues Defendant's appeal is deficient because "denial of a motion to dismiss, even

6    when the motion is based upon jurisdictional grounds, is not immediately reviewable." Catlin

7    v. U.S., 324 U.S. 229, 236 (1945).  Further, Plaintiff argues the extraordinary writ of

8    mandamus is not available because the jurisdictional finding depends upon a finding of fact

9    made upon evidence which is not in the record.  In Re Chicago, R.I. & Pac. Ry., 255 U.S.

10   273 (1921).

11          The Court has considered the parties respective positions.  While the Court is aware

12   that two-years after commencing this litigation, Plaintiff seeks to proceed pass the issue of

13   subject matter jurisdiction, the Court finds a stay is appropriate. The issue of jurisdiction in

14   a FMLA case is intertwined with the merits, and therefore, any discovery in this matter

15   would necessarily implicate the jurisdictional issue on appeal.  Further, any contention that

16   the delay in this litigation is due solely to Defendants is not supported by the record.  At a

17   minimum, Plaintiffs failed to timely raise the issue of the applicable time period under the

18   FMLA.  Additionally, Defendant has averred it will seek a speedy resolution of its appeal.

19   Finally, the Court would be aided by resolution of whether in the Ninth Circuit the question

20   of eligible employer status implicates both jurisdiction and the merits, and is properly

21   reserved for the finder of fact. Morrison v. Amway Corp., 323 F.3d 920, 928 (11th Cir.

22   2003).

23          **IT IS THEREFORE ORDERED** that Defendant's Motion to Stay this Matter

24   Pending the Resolution of an Interlocutory Appeal is **GRANTED**. (Dkt. #133).  This matter

25   is stayed pending adjudication of  Defendant's appeal of the Court's 9/29/05 Order.

26          DATED this 8th day of November, 2005.

27

28   _____
                        Mary H. Murguia
                        United States District Judge