IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alan N. Ariav, | No. CV03-0464-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Mesch, Clark & Rothschild, P.C., | |
| Defendant. | |

Currently, before the Court are Defendant's Motion for Decision on the Issue of Subject Matter Jurisdiction. (Dkt.#140); Plaintiff's Motion for Rule 16 Scheduling Conference (Dkt.#141); Plaintiff's cross-Motion for Ruling on the Issue of Subject Matter Jurisdiction. (Dkt.#144) and Plaintiff's Motion for Sanctions. (Dkt.#145). After reviewing the pleadings, the Court issues the following Order.

I.    **Factual and Procedural Background**

Plaintiff Alan Ariav is an attorney who was a shareholder at the law firm of Mesch, Clark & Rothschild, P.C., until April 28, 2003, when he was terminated with pay and benefits through May 31, 2003. In this lawsuit, Plaintiff alleges that the termination and other related conduct by Defendant Mesch, Clark & Rothschild, P.C., violated his rights under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

On September 12, 2003, Defendant Mesch, Clark & Rothschild, P.C., moved to dismiss the lawsuit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,

1    arguing that the Family and Medical Leave Act ("FMLA") does not apply to the law firm,

2    because the law firm employed fewer than 50 employees during the relevant time period.

3         By its Order filed July 15, 2004, this Court converted the Motion to dismiss into a

4    Motion for summary judgment and granted Plaintiff a Rule 56(f) continuance to allow

5    Plaintiff to obtain discovery on the limited issue of whether Defendant employed 50 persons

6    for the time period between January 1, 2002, and April 28, 2003. (Dkt.#18).  On September

7    20, 2004, the Court concluded Plaintiff had presented sufficient evidence to prevent

8    judgment as a matter of law on the issue of whether Defendant employed 50 employees for

9    20 weeks or more during this time period.  (Dkt.#39).

10         On October 6, 2004, Defendant filed a Motion to Dismiss for Lack of Subject Matter

11    Jurisdiction, arguing Plaintiff must establish the jurisdictional threshold of 50 employees for

12    the Court to have subject matter jurisdiction over his claims. (Dkt.#42).   On February 8,

13    2005, an evidentiary hearing was held regarding the issue of whether Defendant employed

14    50 employees for 20 weeks or more during the time period from January 1, 2002 through

15    April 28, 2003.  Prior to the evidentiary hearing, the Court determined the issue of a covered

16    employee or covered employer under the FMLA presents a mixed issue of merits and

17    jurisdiction and should be determined under Rule 56 standards. (Dkt.#90).  At the conclusion

18    of the February 8, 2005 hearing, the Court took under advisement Defendant's Motion to

19    Dismiss.  (Dkt.#95).  The Court entered its order on September 29, 2005 denying without

20    prejudice Defendant's Motion to Dismiss for lack of Subject Matter Jurisdiction. (Dkt.#121).

21    The Court relied on its previous September 20, 2004 Order finding that Plaintiff had

22    presented sufficient evidence to prevent judgment as a matter of law and found persuasive

23    the Amicus brief submitted by the Government in Arbaugh v. Y & H Corp., then pending

24    before the Supreme Court, arguing that statutory employee thresholds merely relate to the

25    merits of the employee's claims and are not jurisdictional.   The Court stated that Motions

26    relating to whether Defendant employed 50 or more employees for 20 weeks or more could

27    be reurged "at the close of full discovery and/or upon direction from the Supreme Court in

28    Arbaugh v. Y & H Corp.  The Court also set the relevant time period regarding this inquiry

1    to span from January 1, 2002 through December 31, 2003.  The Court then set the matter for

2    a Rule 16 hearing to be held on October 20, 2005.  On October 27, 2005 a Scheduling

3    Conference was held and the parties articulated their positions regarding Defendant's Motion

4    to Stay pending the resolution of Defendant's Interlocutory Appeal of the Court's September

5    29, 2005 Order.  On November 8, 2005 the Court granted Defendant's Motion to Stay

6    pending the outcome of its Interlocutory Appeal.  (Dkt.#139).

7         On March 20, 2006 the Mandate from the Ninth Circuit was issued dismissing

8    Defendant's Interlocutory Appeal for lack of jurisdiction.  (Dkt.#146).  In the interim the

9    Supreme Court rendered its decision in Arbaugh v. Y & H Corp., 126 S.Ct. 1235 (Feb. 22,

10   2006).  Defendant now relies on Arbaugh in support of its third Motion before the Court

11   regarding a lack of subject matter jurisdiction based upon the number of employees

12   employed by Defendant in light of the FMLA's employee numerosity requirement.

13   Conversely, Plaintiff relies on the holding in Arbaugh as further support of his position that

14   the numerosity requirement does not relate to jurisdiction but to the merits, thus mandating

15   that this case push forward with a Rule 16 Scheduling Order.  Additionally, Plaintiff seeks

16   sanctions against Defendant for its filing of the present Motion to dismiss.

17   **II.    Discussion**

18        **A.    The Impact of Arbaugh v. Y & H Corp. on the Present Case**.

19        In Arbaugh the Supreme Court was presented with the issue of whether Title VII's

20   numerosity requirement establishing a defendant's "employer" status was an element of the

21   plaintiff former employee's sexual harassment claim or a jurisdictional requirement that

22   could be questioned at any stage of litigation.  Id. at 1238.  The Court noted that under Title

23   VII it is unlawful "for an employer ... to discriminate" on the basis of sex.  Id. (citing 42

24   U.S.C. § 2000e-2(a)(1)).  The Court also noted that Title VII's jurisdictional provision

25   "empowers federal courts to adjudicate civil actions "brought under" Title VII."  Id. (citing

26   42 U.S.C. § 2000e-5(f)(3).  Title VII defines an "employer" in its definition provision to

27   include only those having "fifteen or more employees."  Id. (citing 42 U.S.C. § 2000e(b)).

28   Similar to the instant case, albeit in a Title VII context, the defendant argued that Title VII's

1   numerosity requirement spoke to a jurisdictional issue that could be raised at any time.

2   Conversely, the plaintiff argued that Title VII's numerosity requirement related to the

3   elements or merits of the plaintiff's claim.  The Court rejected the defendant's argument

4   relying on the statutory construction of Title VII.  Specifically, the Court noted that Title

5   VII's jurisdictional statement is absent of any threshold ingredient such as a minimum

6   number of employees; rather, the numerosity requirement appears in a wholly separate

7   provision.  Id. at 1245. The Court stated in pertinent part:

8          Given the "unfair[ness]" and "waste of judicial resources"... entailed in tying
           the employee-numerosity requirement to subject-matter jurisdiction, we think
9          it the sounder course to refrain from constricting § 1331 or Title VII's
           jurisdictional provision, 42 U.S.C. § 2000-e(f)(3), and to leave the ball in
10         Congress' court. If the Legislature clearly states that a threshold limitation on
           a statute's scope shall count as jurisdictional, then courts and litigants will be
11         duly instructed and will not be left to wrestle with the issue... But when
           Congress does not rank a statutory limitation on coverage as jurisdictional,
12         courts should treat the restriction as nonjurisdictional in character. (Emphasis
           added).
13   Id.

14         Because Congress drafted Title VII to include the numerosity requirement within the

15   elements of the Title VII claim rather than in terms of a jurisdictional requirement, the court

16   determined defendant was not permitted to raise a jurisdictional challenge to plaintiff's claim,

17   but only as to the merits.  Id. at 1242.

18         Plaintiff and Defendant apply the holding in Arbaugh in opposite manners.  Defendant

19   argues that because the FMLA does include the numerosity requirement within the FMLA's

20   jurisdictional provision that Congress intended that it be a jurisdictional issue.  Conversely,

21   Plaintiff argues that the FMLA's numerosity provision is virtually identical to that of Title

22   VII's and encompasses an element of Plaintiff's claim rather than a jurisdictional issue, thus

23   is not subject to a jurisdictional challenge, but rather relates to the merits. The Court finds

24   Plaintiff's interpretation persuasive.

25         Like Title VII, the FMLA's numerosity requirement does not appear in the

26   jurisdictional provision of the FMLA.  Rather, the provision appears in the definition section

27   of the FMLA and provides that the term "employer" "means any person engaged in

28   commerce or in any industry or activity affecting commerce who employs 50 or more

1    employees for each working day during each of 20 or more calendar workweeks in the

2    current or preceding calendar year..." 29 U.S.C. § 2611(4)(A).  Had the Congress intended

3    to make this numerosity requirement jurisdictional it would have <u>clearly stated</u> so within the

4    jurisdictional provision.  <u>Id.</u> at 1245 (emphasis added); <u>see also</u> <u>Minard v. ITC Deltacom</u>

5    <u>Communications, Inc.</u>, _F.3d_, 2006 WL 1000572 (5th Cir. April 18, 2006) (finding that

6    FMLA's numerosity requirement in light of holding in <u>Arbaugh</u> is a substantive element of

7    a plaintiff's claim for relief, not a limitation on the federal court's subject matter

8    jurisdiction).  Defendant attempts to distinguish the FMLA from Title VII by arguing that

9    the FMLA's numerosity requirement is implicated in the FMLA's jurisdictional provision

10   with its use of the term "employer" when stating "[a]n action to recover the damages ... in

11   paragraph (1) may be maintained against any employer (including a public agency) in any

12   Federal or State court of competent jurisdiction..." 29 U.S.C.A. § 2617(a)(2).  However, this

13   argument is misplaced in light of the fact that the reference to the term "employer" is not

14   jurisdictional.  The FMLA, like Title VII applies to "employers" possessing the requisite

15   number of employees as defined by the respective Acts.  Thus, even though Title VII, does

16   not reference  the term "employer" within the jurisdictional provision of the Act, the

17   application is the same.  In other words, the same argument could be made in a Title VII

18   case; specifically, that because these Acts apply to "employers" which is a term of art based

19   in part on the number of employees, that the numerosity requirement is actually

20   jurisdictional.  In light of the holding in <u>Arbaugh</u>, such an argument carries no weight as the

21   FMLA's numerosity requirement closely follows Title VII and other Acts that apply the

22   numerosity requirement as an issue going to the merits.  <u>See</u> <u>Morrison v. AmWay Corp</u>., 323

23   F.3d 920, 928 (11th Cir. 2003) (holding that FMLA's requirement regarding number of

24   employees is intertwined with merits); <u>Papa v. Katy Indus., Inc.</u>, 166 F.3d 937, 943 (7th Cir.

25   1999) (holding that few-employee exemption to Title VII, ADA and ADEA is not

26   jurisdictional in nature thus application of summary judgment standard regarding numerosity

27   issue is proper). Had Congress intended to make the FMLA's numerosity requirement

28   jurisdictional it would have clearly stated so within the language of the Act by setting forth

1    the numerosity requirement within the language of the FMLA's jurisdictional provision. 29

2    U.S.C.A. § 2617(a)(2).  Thus, the FMLA's numerosity requirement is not jurisdictional in

3    nature, but encompasses an element of Plaintiff's claim on the merits.

4         **B.    This Court is Not in a Posture to Resolve the Numerosity Element of
              Plaintiff's Claim at this Time.**

5              This Court has already determined, with the benefit of limited discovery regarding the

6    original relevant period, that there is a genuine issue of material fact surrounding the issue

7    of whether Defendant satisfies the 50-employee requirement.  (Dkt.#39).  Moreover, the

8    Court affirmed this ruling with its September 29, 2005 Order denying without prejudice

9    Defendant's Motion to Dismiss for lack of Subject Matter Jurisdiction with permission to

10   reurge Motions relating to the 50 employee requirement "at the close of full discovery and/or

11   upon the direction from the Supreme Court in Arbaugh v. Y & H. Corp." (Dkt.#139).  Thus,

12   essentially, the holding in Arbaugh changes little with respect to the future handling of this

13   case.

14             This case will proceed forward with the Court's previous rulings that there is a

15   genuine issue of material fact surrounding the issue of whether Plaintiff has satisfied the 50-

16   employee requirement of the FMLA regarding the original relevant time period of January

17   1, 2002 through April 28, 2003.  As discussed below, the actual relevant time period is from

18   January 1, 2002 through December 31, 2003 and there has been no discovery or

19   determination by the Court regarding the numerosity issue within the context of this new

20   relevant time period.  Therefore, because there is a factual issue with respect to the original

21   relevant time period and there has not been full discovery regarding the latter portion of the

22   new  relevant time period, the Court cannot make a determination as a matter of law whether

23   the numerosity element of Plaintiff's claim has been met based on the evidence submitted

24   thus far.   However, at the conclusion of discovery, the parties may move to resolve the

25   numerosity issue upon summary judgment based upon the evidence submitted as well as any

26   additional evidence that plays out during discovery.  If there is still a factual issue, the issue

27   will go to the jury for resolution.

28

1

**C.      Relevant Time Period Revisited**

2      Defendant also requests the Court to reconsider its position regarding its holding in

3   its September 29, 2005 Order defining the relevant time period for purposes of the

4   numerosity requirement as January 1, 2002 through December 31, 2003.  The Court will

5   construe Defendant's request as a motion for reconsideration.  Motions for reconsideration

6   are disfavored and only appropriate if the court "(1) is presented with newly discovered

7   evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if

8   there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County

9   v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993), cert. denied, 114 S.Ct. 2742 (1994).

10   Motions for Reconsideration are not used  to ask the Court to rethink what it has already

11   thought. Collins v. D.R. Horton, Inc., 252 F. Supp.2d 936, 938 (D. Ariz. 2003) (citing United

12   States v. Rezzonico, 32 F. Supp.2d 1112, 1116 (D.Ariz.1998).  Accordingly, courts grant

13   such motions only in rare circumstances.  See Sullivan v. Faras-RLS Group, Ltd., 795 F.

14   Supp. 305, 308-09 (D.Ariz.1992).

15      Here, Defendant requests the Court to consider what it has already thought.

16   Accordingly, the Court will stand by its ruling regarding the relevant time period.  Further,

17   as noted by Plaintiff, contrary to Defendant's argument, there are FMLA cases that support

18   the Court's determination of the relevant time period.  Morehardt v. Spirit Airlines, Inc., 174

19   F. Supp.2d 1272, 1276 (M.D. Fla. 2001); Chavez v. Lawrence & Fredrick, Inc., 1999 WL

20   803374 at * 3 (N.D. Ill. 1999)(unpublished opinion).  Additionally, the statutory language

21   of the ADEA and Title VII regarding the relevant time period is similar to that used in the

22   FMLA.  Under both of those statutes, courts have found that the relevant time period is the

23   preceding calendar year as well as the calendar year of the relevant event.  See Rogers v.

24   Sugar Tree Prods. 7 F.3d 577, 580 (7th Cir. 1993); *abrogated on other grounds*, (holding that

25   under the ADEA "[t]he current year is the year in which the alleged violation occurred, and

26   the applicable period does not cease on the date of the violation, but rather continues until

27   the end of the calendar year."); Komorowski v. Townline Mini Mart and Restaurant, 162

28   F.3d 962, 965 (7th Cir. 1998) (concluding that under title VII, "'current calendar year' refers

1    to the year in which the alleged violation occurred and includes the calendar year from

2    January 1 through December 31."); <u>Slack v. Havens</u>, 522 F.2d 1091, 1093 (9th Cir. 1975),

3    *superseded on other grounds*, (rejecting the argument that "current or preceding calendar

4    year" means "the prior calendar year and only those months of the current year preceding the

5    incident at issue" as incompatible with the plain language of Title VII.). Thus for the reasons

6    stated above, the Court affirms its decision defining the relevant time period spanning the

7    two full calendar years, January 1, 2002 through December 31, 2003. Moreover, the Court

8    notes that the parties should also focus discovery on the additional eight months in

9    investigating the issue of whether the numerosity element of Plaintiff's claim has been met.

10   See  <u>EEOC v. Hesco Parts Corp</u>., 57 Fed.Appx. 518, 522 (3d Cir. 2003) (unpublished

11   opinion) (stating that defendant was a covered entity where it had stipulated that it had

12   employed more than the requisite number of employees in Title VII action for at least 20

13   weeks during the second half of 1994 where plaintiff was terminated on April 29, 2004).

14            **D.      Rule 16 Scheduling Conference**

15           The Court has now on three occasions denied Defendant's challenge to the Court's

16   jurisdiction based upon the numerosity requirement of the FMLA. Additionally, Defendant's

17   appeal has been dismissed by the Ninth Circuit. Moreover, with the recent ruling in <u>Arbaugh</u>

18   and this ruling, it is unequivocally clear that Defendant's challenge goes to the merits of

19   Plaintiff's claim and is not to a threshold jurisdictional issue. As noted above, this issue has

20   already been addressed upon the summary judgment standard with respect to the relevant

21   time period of January 1, 2002 through April 28, 2003 with the Court holding that there is

22   a genuine factual issue. The Court again affirms this holding as well as informs the parties

23   that they should also focus on the additional relevant period from April 28, 2003 through

24   December 31, 2003. Because these issues encompass the merits of Plaintiff's claim a

25   Scheduling Order is necessary to govern this case. The Plaintiff has submitted a proposed

26   Rule 16 Scheduling Order for the Court to consider, but apparently this proposed order is

27   submitted without any input from Defendant. The Court finds that the better course of action

28   is to hold another Rule 16 Scheduling Conference with both parties contributing to an

updated Rule 26(f) Joint Case Management Plan and proposed Rule 16 Scheduling Order to govern this case.

###### E.    Plaintiff's Motion for Sanctions

####### 1.    Background

Plaintiff moves this Court to order sanctions against Defendant for filing its most recent Motion to dismiss based upon the lack of subject matter jurisdiction.  Specifically, Plaintiff argues that Defendant's Motion is essentially the same Motion that was the subject of its initial Motion to dismiss pursuant to Rule 12(b)(6), which was denied upon a summary judgment standard (Dkt.#39); Defendant's Motion to dismiss for lack of subject matter jurisdiction pursuant to 12(b)(1) which was denied without prejudice (Dkt.#121); and Defendant's most recent appeal of the Court's ruling to the Ninth Circuit, which was recently dismissed for lack of jurisdiction.  (Dkt.#146).   In other words, Plaintiff argues that Defendant has repeatedly filed the same motion based upon no new facts and no new law which would alter the Court's previous decisions, thus unreasonably delaying the progression of this case in violation of 28 U.S.C. § 1927.  Conversely, Defendant argues the absence of any bad faith suggesting that sanctions would be appropriate and notes that the recent holding in Arbaugh is the basis of its current Motion to dismiss and evidences Defendant's good faith effort to resolve what it believes to be the jurisdictional issue surrounding Plaintiff's claim grounded upon the FMLA.

####### 2.    Sanctions Based Upon Defendant's Most Recent Motion to Dismiss Are Not Called for at this Time.

28 U.S.C. § 1927 provides in pertinent part:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"The imposition of sanctions under section 1927 requires a finding that counsel acted "recklessly or in bad faith," Barnd v. City of Tacoma, 664 F.2d 1339, 1343 (9th Cir.1982); see also Heary Bros. Lighting Protection Co., Inc., v. Lighting Protection Institute, 287 F.

1  Supp.2d 1038, 1082 (D. Ariz. 2003) (stating that "sanctions must be supported by a finding

2  of subjective bad faith, which is present when an attorney knowingly or recklessly raises a

3  frivolous argument.") (citing B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1107 (9th

4  Cir.2002).  This Court cannot say that Defendant's present Motion to dismiss is the product

5  of bad faith.

6        Plaintiff's argument that Defendant repeatedly has filed essentially the same motion

7  after each time the Court has denied it is too simplistic a description of the procedural history

8  of this case.  For instance, in this Court's September 29, 2005 order the Court, in denying

9  Defendant's Motion to dismiss, stated "[m]otions related to the issue of whether Defendant

10  employed 50 employees for 20 weeks or more during the relevant time period may be

11  reurged, as appropriate, at the close of full discovery and/or upon the direction from the

12  Supreme Court in Arbaugh v. Y&H Corp." (Emphasis added).  Subsequent to the Supreme

13  Court's decision in Arbaugh, Defendant filed the present Motion on the basis that Arbaugh,

14  while establishing that the numerosity requirement is an element of the merits in Title VII

15  actions, demonstrates that in FMLA actions the numerosity requirement is wholly

16  jurisdictional.  Misplaced as this argument may be, Defendant's argument is not simply the

17  same motion advanced on previous occasions before this Court, but is one based upon recent

18  precedent which Defendant believes is favorable to Defendant's position.   Therefore,

19  Plaintiff's argument that Defendant is simply refiling the same motion with the same

20  arguments is too simplistic an interpretation.  Moreover, the Court cannot say that the present

21  Motion was filed with any degree of bad faith to delay the progression of this case.  As such,

22  sanctions against Defendant are not warranted at this time.

23        While sanctions are not warranted now, the Court does expect that this matter will

24  now proceed on a standard track as dictated by the deadlines established at the Rule 16

25  Scheduling Conference, without any further motions to dismiss based upon a lack of subject

26  matter jurisdiction due to the Plaintiff's alleged failure to meet the numerosity requirement.

27  This issue has been squarely addressed.   At the conclusion of discovery, the Court will

28  revisit the issue with the parties motions for summary judgment, if any, based upon the entire

1  new relevant period and will determine if this issue can be resolved as a matter of law.  If not,

2  then the issue will go to the jury for a determination.

3       **Accordingly,**

4       **IT IS HEREBY ORDERED** granting in part and denying in part Defendant's Motion

5  for Decision on the Issue of Subject Matter Jurisdiction. (Dkt.#140).  Defendant's Motion is

6  granted to the extent that it seeks a ruling on this issue of Subject Matter Jurisdiction.

7  Defendant's Motion is denied to the extent that it seeks the Court to find that the FMLA's

8  numerosity requirement is jurisdictional.

9       **IT IS FURTHER ORDERED** that Plaintiff's Motion for a Rule 16 Scheduling

10 Conference is granted in part and denied in part.  (Dkt.#141).  Plaintiff's Motion is granted

11 to the extent that Plaintiff seeks the Court to order a Scheduling Conference.  Plaintiff's

12 Motion is denied to the extent that Plaintiff seeks the Court to adopt Plaintiff's Proposed

13 Scheduling Order without any Scheduling Conference and input from Defendant.

14      **IT IS FURTHER ORDERED** that a Rule 16 Scheduling Conference is scheduled

15 for Thursday, May 11 at 4:00 p.m.  The parties shall submit an updated Rule 26(f) Joint Case

16 Management Plan and revised proposed Rule 16 Scheduling Order on or before May 4, 2006.

17  The revised proposed Scheduling Order shall provide for the close of discovery no later than

18 September 1, 2006 and dispositive motions due no later than September 30, 2006.  The

19 parties should take notice, extensions of time will not be granted absent compelling good

20 cause.

21      **IT IS FURTHER ORDERED** that Plaintiff's cross-Motion for Ruling on the issue

22 of Subject Matter Jurisdiction is granted in part and denied in part. (Dkt.#144).  Plaintiff's

23 Motion is granted to the extent that Plaintiff seeks a ruling from the Court that the FMLA's

24 numerosity requirement goes to the merits of Plaintiff's claim.  Plaintiff's Motion is denied

25 to the extent that he seeks the Court to find as a matter of law that Defendant is a covered

26 "employer" under the FMLA. However, this issue may be revisited at the conclusion of

27 discovery.

28

1          **IT IS FURTHER ORDERED** denying Plaintiff's Motion for Sanctions against

2    MCR's Counsel.  (Dkt.#145).

3          DATED this 26th day of April, 2006.

4

5

6

7    _____
                        Mary H. Murguia
8                   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28